**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 10-14788 <br> ) (Jointly Administered) <br> ) |
| PPM TECHNOLOGIES HOLDINGS, INC., et al. | ) Chapter 11 <br> ) <br> ) Hon. Jack B. Schmetterer |
| Debtors. | ) <br> ) **Hearing Date:** May 11, 2010, 11:30 a.m. <br> ) **Objections Due:** May 10, 2010 |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **May 11, 2010, at the hour of 11:30 a.m.**, the undersigned shall appear before the Honorable Jack B. Schmetterer, in Courtroom 682, 219 S. Dearborn Street, Chicago, Illinois, or before any other Judge sitting in his stead, and then and there be heard on the **JOINT MOTION PURSUANT TO BANKRUPTCY CODE SECTION 363(c) AND BANKRUPTCY RULE 9019 FOR A FINAL ORDER (A) CONFIRMING THE EMPLOYMENT OF MR. JOHN L. PALMER AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER AND THE REMOVAL OF LEROY WRIGHT AND (B) CONFIRMING THE RELEASE OF CERTAIN CLAIMS HELD BY DEBTORS** at which time you may appear if you see fit, and a copy of which is attached and herewith served upon you.

Dated: Chicago, Illinois
       April 30, 2010

/s/ Karen J. Porter
Karen J. Porter (Atty. #6188626)
PORTER LAW NETWORK
230 West Monroe, Suite 240
Chicago, IL 60603
Telephone: (312) 853-4400

    -and-

LAW OFFICES OF ERNESTO D. BORGES
Ernesto Borges (Atty. #6189298)
105 West Madison, 23rd Floor
Chicago, IL 60602
Telephone: (312) 853-0200

Proposed Attorneys for PPM Technologies
Holdings, Inc. d/b/a PPM Global
Corporation and PPM Technologies Inc. (from
4/3/10 through 4/21/10)

/s/ Nancy A. Peterman
Nancy A. Peterman (ARDC # 6208120)
Sean Bezark (ARDC # 6203767)
GREENBERG TAURIG LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400

Proposed Attorneys for PPM Technologies
Holdings, Inc. d/b/a PPM Global
Corporation and PPM Technologies Inc. (effective
as of 4/21/10)

/s/ John K. Lyons
John K. Lyons (ARDC # 6201542)
Bradley G. Wilson (ARDC # 6301195)
SKADDEN, ARPS, SLATE,
MEAGHER& FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700

    -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Stuart Komrower, Esq.
David M. Bass, Esq.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: 201-489-3000

Attorneys for Calliope Capital Corporation,
Valens U.S. SPV I, LLC, Valens Offshore
SPV I, Ltd., Valens Offshore SPV II, Corp.,
and LV Administrative Services, Inc.

/s/ Arnim Johnson
Glenda Gray
Arnim Johnson
330 N. Wabash Ave.
Suite 2618
Chicago, IL 60611
Telephone: (312) 755-1010

Attorneys for Leroy Wright

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 10-14788 |
| | (Jointly Administered) |
| PPM TECHNOLOGIES HOLDINGS, INC., et al. | Chapter 11 |
| | Hon. Jack B. Schmetterer |
| Debtors. | |
| | Hearing Date: May 11, 2010, 11:30 a.m. |
| | Objections Due: May 10, 2010 |

**JOINT MOTION UNDER BANKRUPTCY CODE SECTION 363(c)
AND BANKRUPTCY RULE 9019 FOR A FINAL ORDER (A) CONFIRMING THE
EMPLOYMENT OF MR. JOHN L. PALMER AS THE DEBTORS' CHIEF
RESTRUCTURING OFFICER AND THE REMOVAL OF LEROY WRIGHT AND (B)
<u>CONFIRMING THE RELEASE OF CERTAIN CLAIMS HELD BY DEBTORS</u>**

PPM Technologies Holdings, Inc. ("<u>PPM Holdings</u>") and PPM Technologies Inc. ("<u>PPM Technologies</u>," and together with PPM Holdings, the "<u>Debtors</u>") and the senior secured lenders, Calliope Capital Corporation, Valens U.S. SPV I, LLC, Valens Offshore SPV I, Ltd., Valens Offshore SPV II, Corp., LV Administrative Services, Inc. and such affiliated funds as to which such debt may have been assigned from time to time (collectively, the "<u>Lenders</u>," and together with the Debtors, the "<u>Movants</u>") by and through their undersigned counsel, hereby file this motion (the "<u>Motion</u>") pursuant to 11 U.S.C. § 363(c) and Rule 9019 of the Federal Rules of Bankruptcy Procedure for a final order (A) confirming the employment of Mr. John L. Palmer ("<u>Mr. Palmer</u>") as the Debtors' Chief Restructuring Officer and the removal of Leroy Wright, and (B) confirming the release of certain claims held by Debtors (the "<u>Final Order</u>", attached hereto as **Exhibit B**). In support of the Motion, the Movants respectfully state as follows:

**BACKGROUND**

1. On April 3, 2010 (the "<u>Petition Date</u>"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to

operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has ordered that these chapter 11 cases (the "Chapter 11 Cases") be jointly administered.  (Docket No. 37).

2. No creditors' committee has been appointed in these Chapter 11 Cases by the United States Trustee.

3. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are section 363(c) of the Bankruptcy Code and Bankruptcy Rule 9019.

5. PPM Holdings is the holding company for PPM Technologies.  The Debtors are engaged in the business of developing and supplying products to the food processing and packaging industry.  Mr. Leroy J. Wright ("Wright") allegedly serves as the Debtors' sole director and chief executive officer and is the majority shareholder of PPM Holdings.

6. On April 12, 2010, the Debtors filed the Debtors' Motion for Authority to Use the Cash Collateral of Calliope Capital Corporation, et. al (the "Cash Collateral Motion") (Docket No. 20).  On April 15, 2010, the Lenders filed an objection to the Cash Collateral Motion (the "Cash Collateral Objection") (Docket No. 30).

7. On April 13, 2010, the Lenders filed their Verified Motion for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and 1104(a)(2) (the "Trustee Motion") (Docket No. 22).  A hearing on the Trustee Motion was scheduled for April 20, 2010 at 10:30 a.m.

8.     On April 13, 2010, Wright commenced a personal bankruptcy case by filing a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.  Wright's chapter 11 case has been assigned to the Honorable Jacqueline P. Cox as Case No. 10-16221.

9.     On April 21, 2010, the Court entered an Interim Consent Order confirming the interim appointment of Mr. Palmer as Chief Restructuring Officer and Wright's resignation.

A.     **Employment of Mr. Palmer as Chief Restructuring Officer**

10.    Mr. Palmer is a managing director of the nationally-renowned crisis and turnaround firm Aurora Management Partners ("Aurora"), which was hired by the Debtors prior to the Petition Date to develop a viable, go-forward plan for the Debtors and to help the Lenders properly evaluate any financing proposal.  On or about March 5, 2010, Aurora issued a report to the Debtors' board of directors (the "Aurora Report"), which assessed the management of the business and identified critical operational and financial problems.  Following the report, the board of PPM appointed Mr. Palmer as Chief Restructuring Officer on March 16, 2010, to implement a turnaround plan for PPM.

11.    On or about March 18, 2010, Wright purported to cancel the contract employing Aurora and Mr. Palmer as Chief Restructuring Officer.  Wright took this action in violation of the Debtors bylaws, which prohibit the removal of directors of the Debtors without notice, and otherwise attempted to remove Palmer and Aurora from their responsibilities on behalf of the Debtors.  Since the Petition Date, the parties have conferred, and based on an assessment of the Debtors' bylaws and other reasons, the parties acknowledge and agree that the termination of Mr. Palmer and Aurora was not effective and thus is without legal effect, and that as of the Petition Date, Mr. Palmer and Aurora were still engaged on behalf of the Debtors.  Aurora and Mr.

3

Palmer thus remain employed by the Debtors under their original retention agreement (the "Retention Agreement," attached hereto as **Exhibit A**).

12. Through their authority to administer the estate, the Debtors have authority to continue employing current officers and employees under 11 U.S.C. § 363(c). See, e.g., In re Phoenix Steel Corp., 110 B.R. 141, 142 (Bankr. D. Del. 1989) (holding that workaround specialists employed as officers could continue their employment post-petition without court approval). Out of an abundance of caution, however, this Motion discloses the terms of the Retention Agreement and seeks express confirmation from the Court that Mr. Palmer and additional personnel he designates as Deputy Restructuring Officers may serve as officers of the Debtor with complete managerial authority in accordance with the Final Order.

13. Mr. Palmer was extensively involved in preparing the Aurora Report and is thus knowledgeable about the Debtors' operations and finances. Therefore, Mr. Palmer is uniquely qualified to serve as the Debtors' Chief Restructuring Officer.

14. Except as discussed above, Mr. Palmer has no past or present financial or business connection with the Debtors and will not serve or represent the Debtors in any capacity other than as Chief Restructuring Officer. Likewise, Aurora has no financial interest in the Debtors which would conflict with Mr. Palmer's role as the Debtors' Chief Restructuring Officer. Nor do Mr. Palmer or Aurora represent any creditor of the Debtors or other interested party in this or any other matter. There is thus no material adverse interest preventing Aurora and Mr. Palmer from continuing their employment with the Debtors.

15. To assist in his engagement with the Debtors, Mr. Palmer will from time to time designate Aurora staff members as Deputy Restructuring Officers. The names of these

4

employees will be disclosed to the Court. Initially, Mr. Palmer plans to designate the following individuals, whose hourly rates are listed in the Retention Agreement:

| | |
|---|---|
| Ronald Turcotte | John P. Leiti |
| David Baker | Steven R. Smerjac |
| Richard C. Kennedy | Jason A. Shulick |
| P. Shane Sparks | |

16. In accordance with the Retention Agreement, the Debtors will pay Aurora's fees and expenses on a weekly basis.

17. The Retention Agreement originally provided that Aurora and Mr. Palmer would report to PPM's board. Because of the various attempted changes in makeup of the board, including the attempted removal of two directors, and the terms of the Interim Order relative to Mr. Wright, and because of the filing of the Chapter 11 Cases, Mr. Palmer will report to the Court, to a reconstituted board, or to the original board, based upon the outcome of the Debtors' investigation of various corporate governance issues. The Debtors expressly retain the right to file a motion to approve an amended agreement with Mr. Palmer and Aurora, based upon the outcome of the investigation of certain corporate governance issues, that would clarify Mr. Palmer's reporting obligations and other issues. To the extent that such a motion is filed, the motion will be filed and noticed for a hearing on May 11, 2010, so that such motion could be heard simultaneously with this Joint Motion.

18. In order to provide this Court with full disclosure, Mr. Palmer will file monthly reports of his and Aurora's expenses and compensation in the course of their employment on the fifteenth day of each month, for the immediately preceding month.

19. Therefore, based upon the foregoing, the Debtors respectfully request that the Court confirm on a final basis the continued employment of Aurora, and of Mr. Palmer as the Debtors' Chief Restructuring Officer pursuant to section 363(c) of the Bankruptcy Code. In

5

reliance upon the agreement of the parties and the Interim Order, Mr. Palmer and Aurora commenced managing the Debtors' operations as of April 21, 2010.

**B.      Resignation of Wright as Chief Executive Officer and Related Relief**

20.     The Final Order, among other things, confirms and makes final Wright's relinquishment of all management, control, and authority over the Debtors and any and all of the Debtors' subsidiaries, including his resignation of all positions as an employee, officer, director, and Chairman of the Board of the Debtors and any and all of the Debtors' subsidiaries. The Final Order also confirms and makes final Wright's prohibition from having communications of any nature relating to the business of the Debtors with the Debtors' suppliers, creditors and employees without the prior written consent of Mr. Palmer; from taking any actions relative to his stock voting rights, or alleged role as a director, or taking any other action which relates to or interferes with the Debtors' businesses, estates, or the proposed Final Order submitted herewith and affirmative obligation to cooperate with Mr. Palmer and Aurora in transitioning all management responsibilities. Wright's resignation, effective per the Interim Order and made final in the Final Order, is beneficial to the Debtors, their estates, their creditors, and all interested parties. The Movants do not believe that the Debtors or any interested party has been or would be adversely affected by Wright's resignation. If the Court issues the Final Order allowing the Debtors to employ Mr. Palmer as Chief Restructuring Officer, the Debtors will have sufficient managerial support to operate the Debtors' businesses and to ensure performance of the Debtors' obligations in these Chapter 11 Cases. Therefore, the Debtors respectfully request that the Court approve, on a final basis, the resignation of Wright as an employee, officer, director, and Chairman of the Board of the Debtors and any and all of the Debtors' subsidiaries, and the relinquishment of management, control, and authority over the Debtors.

**C.     Entry and Implementation of the Releases on a Final Basis**

21.     The Movants have negotiated the terms of the Final Order in an effort to protect the Debtors' assets and to preserve the value of the Debtors' estates.  Furthermore, the Movants are hopeful that if the Court grants the relief sought in this Motion, that further litigation related to an appointment of a trustee in these Chapter 11 Cases may be avoided.  Therefore, the Movants believe that entry and implementation of the Final Order is in the best interest of the Debtors, their estates, their creditors, and all other interested parties.

22.     In addition to the provisions of the Final Order related to the control of the company, the Lenders, the Debtors, and Wright have agreed to waive certain claims that have or could be asserted in two pending cases: PPM Global Corporation, et al. v. LV Administrative Services, Inc., et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 10-cv-01794 (the "Illinois Action") and Calliope Capital Corporation, et al. v PPM Technologies Holdings, Inc., Supreme Court for the State of New York, County of New York, Index No. 600111/10 (the "New York Action") (together, the "Releases").

23.     Pursuant to Bankruptcy Rule 9019, the Debtors (subject to the Debtors' rights and deadlines as to the Debtors as set forth in any proposed order authorizing debtor-in-possession financing or cash collateral use) and Wright have agreed to dismiss the Illinois Action with prejudice, as well as provide a general release to the Lenders, Aurora, and Mr. Palmer. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs, and are favored in bankruptcy.  See Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)).

7

The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968). The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See id. at 424-25.

24. The Illinois Action was filed on March 22, 2010. The complaint in the case alleges conspiracy, fraud, slander, and breach of fiduciary duty arising from the retention of Aurora and Mr. Palmer's restructuring advice to PPM. The case was initiated at the instance of Wright in response to claims asserted against him by the Lenders. The debtor in possession, PPM Holdings, who was also included as plaintiff, has no interest in pursuing the claims, as pursuit of such would be costly, time consuming, of uncertain benefit to the estates and would destroy the ability to achieve the settlement embodied in the Final Order and successful reorganization or orderly liquidation of the Debtors.

25. Given the strength of the Lenders' possible defenses, the present posture of the Debtors' claims, and the early stage of the litigation, the Debtors believe that it is not in their best interests to pursue the Illinois Action. A judgment in favor of the Debtors may require

8

substantial preparation, a trial, and potentially one or more appeals.  The dismissal of the Illinois Action will preserve the estate by avoiding the unnecessary costs in both time and money inherent to the litigation.  A proposed dismissal stipulation is attached hereto as **Exhibit C**.

26. Furthermore, Wright and the Debtors agreement to the Releases is part of the overall arrangement contemplated by this Motion; an agreement which provides benefit to the estate by ensuring efficient and skilled management, by eliminating the costs of litigating the Trustee Motion, and ensuring that the Chief Restructuring Officer will have the ability to negotiate the use of cash collateral and/or debtor-in-possession financing with the Lenders, which would not be possible in the absence of the dismissal of the subject claims and litigation and a general release provided by the Debtors to the Lenders and the parties named as defendants in the Illinois Action.  Without approval of the Releases, estate resources will continue to be depleted as this issue is litigated.  The Debtor therefore requests approval of the Releases, including the authority to dismiss the Illinois Action.

## NOTICE AND OBJECTION DEADLINE

27. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the twenty largest unsecured creditors of each of the Debtors and (c) those persons filing notices of appearance or requests for notice under Bankruptcy Rule 2002 in these Chapter 11 Cases.  The Movants submit that, under the circumstances, no other or further notice is required.

28. Any party objecting to the relief requested in the Motion or granted in the Order must file written objections by May 10, 2010 (the "Objection Deadline").

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Movants respectfully request that the Court (i) confirm the employment of John L. Palmer as Chief Restructuring Officer and the removal of Mr. Wright on a final basis, (ii) approve the Releases in the Final Order, and (iii) grant such other relief as is just and proper.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated: Chicago, Illinois
April 30, 2010

/s/ Karen J. Porter
Karen J. Porter (Atty. #6188626)
PORTER LAW NETWORK
230 West Monroe, Suite 240
Chicago, IL 60603
Telephone: (312) 853-4400

    -and-

LAW OFFICES OF ERNESTO D. BORGES
Ernesto Borges (Atty. #6189298)
105 West Madison, 23rd Floor
Chicago, IL 60602
Telephone: (312) 853-0200

Proposed Attorneys for PPM Technologies
Holdings, Inc. d/b/a PPM Global
Corporation and PPM Technologies Inc. (from 4/3/10 through 4/21/10)


/s/ Nancy A. Peterman
Nancy A. Peterman (ARDC # 6208120)
Sean Bezark (ARDC # 6203767)
GREENBERG TAURIG LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400

Proposed Attorneys for PPM Technologies
Holdings, Inc. d/b/a PPM Global
Corporation and PPM Technologies Inc. (effective as of 4/21/10)

/s/ John K. Lyons
John K. Lyons (ARDC # 6201542)
Bradley G. Wilson (ARDC # 6301195)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700

    -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Stuart Komrower, Esq.
David M. Bass, Esq.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: 201-489-3000

Attorneys for Calliope Capital Corporation,
Valens U.S. SPV I, LLC, Valens Offshore
SPV I, Ltd., Valens Offshore SPV II, Corp.,
and LV Administrative Services, Inc.

/s/ Arnim Johnson
Glenda Gray
Arnim Johnson
330 N. Wabash Ave.
Suite 2618
Chicago, IL 60611
Telephone: (312) 755-1010

Attorneys for Leroy Wright

11