## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-14788 |
|  | ) (Jointly Administered) |
| PPM TECHNOLOGIES HOLDINGS, INC., | ) |
| et al. | ) Chapter 11 |
|  | ) |
|  | ) Hon. Jack B. Schmetterer |
| Debtors. | ) |

### FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363(c) AND BANKRUPTCY RULE 9019 (A) CONFIRMING THE EMPLOYMENT OF MR. JOHN L. PALMER AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER AND THE REMOVAL OF LEROY WRIGHT AND (B) CONFIRMING THE RELEASE OF CERTAIN CLAIMS HELD BY DEBTORS

Upon the Joint Motion Under Bankruptcy Code Section 363(c) and Bankruptcy Rule 9019 for a Final Order (A) Confirming the Employment Of Mr. John L. Palmer as the Debtors' Chief Restructuring Officer and the Removal of Leroy Wright and (B) Confirming the Release of Certain Claims Held by Debtors;[1] and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, creditors, and other parties in interest; and in consideration of and in light of the agreement reached between the parties, it appearing that the relief requested herein is in the best interest of the Debtors and their estates; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

1

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is hereby GRANTED as provided herein.

2. The Trustee Motion is withdrawn without prejudice.

3. Pursuant to 11 U.S.C. § 363, the Court hereby confirms the continued employment by the Debtors and Debtors-in-Possession of Aurora Management Partners Inc. ("Aurora") to provide restructuring advisory services, and the employment of John Palmer as Chief Restructuring Officer, with complete managerial authority to take all actions which he believes to be in the best interests of the Debtors and their estates, and other personnel of Aurora as Deputy Restructuring Officers, pursuant to the terms of the Retention Agreement. Aurora will be compensated weekly by the Debtors for its fees and expenses without the need for application to this Court. Unless otherwise ordered, Aurora shall not be required to file fee applications pursuant to 11 U.S.C. §§ 330 and 331.

4. To assist him with his duties, Mr. Palmer is authorized to hire, at the rates specified in the Retention Agreement, the following as Deputy Restructuring Officers:

| | |
|---|---|
| Ronald Turcotte | John P. Leiti |
| David Baker | Steven R. Smerjac |
| Richard C. Kennedy | Jason A. Shulick |
| P. Shane Sparks | |

5. Mr. Palmer, on behalf of Aurora, shall file a monthly report with the Court enumerating the total compensation paid to Aurora during the specified month.

6. Entry of this Order confirms and makes final Wright's relinquishment of all management and other control and authority over the Debtors and their subsidiaries, including the resignation of his position as employee, officer, director, and Chairman of the Board of the Debtors. Wright shall be enjoined from (i) having communications of any nature relating to the business of the Debtors with the Debtors' suppliers, creditors and employees without the prior

2

written consent of John Palmer; (ii) taking any actions relative to his stock voting rights or alleged role as a director of the Debtors, and (iii) taking any action of any nature which relates to or interferes with the Debtors' businesses and estates or the terms of this Order. Wright shall cooperate with Mr. Palmer and Aurora in transitioning all management responsibilities in accordance with the terms and conditions of this Order.

7. By virtue of this Order and Wright's agreement and consent to same as evidenced by his counsel's signature below, Wright hereby grants to the Debtors an irrevocable proxy appointing Neil Anderson, or his successor as company president of the Debtors, the sole power to vote all shares of the Debtors in respect of which Wright has voting rights on all matters submitted to, or requiring a vote on all matters submitted to, or requiring a vote or consent of, the shareholders of the Debtors. Said proxy shall include the power to execute written consents in lieu of a meeting of shareholders of the Debtors, and shall remain in force during the entire pendency of this case. Wright shall otherwise retain any and all of the economic rights and interests in connection with his ownership of the Debtors' shares.

8. For the reasons set forth in the Motion and subject to any rights and deadlines afforded to the Debtors, the Official Committee or any other parties in interest, as set forth in any proposed orders authorizing debtor in possession financing or use of cash collateral, all claims of any nature which were asserted through the date of this Order, or which could have been asserted, by the Debtors, and their employees, agents, shareholders, officers, directors, managers and affiliates that relate to the Debtors or these Chapter 11 cases, and by Wright, against the Lenders and the Lenders' employees, agents, shareholders, officers, directors, managers and affiliates, be and are hereby released and dismissed with prejudice including, but not limited to, the claims which were asserted, or which could have been asserted in the action, <u>PPM Global</u>

808521.02-Chicago Server 2A                                        MSW - Draft April 20, 2010 - 6:43 PM

Corporation, et al. v. LV Administrative Services, Inc., et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 10-cv-01794 (the "Illinois Action"). Subject to the foregoing, all Defendants in the Illinois Action and their employees, agents, shareholders, officers, directors, managers and affiliates, successors and assigns are hereby and presently released regardless of the filing of a Stipulation of Dismissal in the Illinois Action of any and all claims of any nature by Debtors and Wright, jointly and severally, which were asserted or which could have been asserted in the Illinois Action, and the Defendants in the Illinois Action are hereby authorized to file on behalf of the Plaintiffs a Stipulation of Dismissal of the Illinois Action (the "Stipulation"), substantially in the form attached to the Motion, and Plaintiffs will authorize their counsel of record in the Illinois Action to consent to the Stipulation immediately upon entry of this Order. This paragraph does not release any claims that may be held by the Debtors against Wright. The Stipulation shall provide that the Debtors are dismissing the case with prejudice.

9. The foregoing releases entered into by Wright are subject to approval in his personal Chapter 11 case. To the extent necessary, Wright shall authorize counsel to dismiss the Illinois Action without prejudice. Upon approval of these releases in his personal Chapter 11 case, the Illinois Action shall be deemed dismissed with prejudice, automatically and without further filing.

10. All claims asserted by the Lenders against Wright in the pre-petition action, Calliope Capital Corporation, et al. v PPM Technologies Holdings, Inc., Supreme Court for the State of New York, County of New York, Index No. 600111/10 (the "New York Action"), shall be released and dismissed by the Lenders with prejudice in the event that the Lenders receive the amount of $15 million or more on account of their claims against the Debtors in the within

4

bankruptcy proceedings. In the event that the Lenders receive less than $15 million on account of their claims in these proceedings, the Lenders' recourse to Wright shall be limited to the difference between $15 million and the amount actually received by the Lenders on account of their claims in these chapter 11 proceedings, plus any fees, costs and charges as may be allowed under applicable law and/or rules. Upon the entry of this Order and it becoming final and non-appealable, Lenders shall move to stay the New York Action until the disposition of substantially all of the Debtors' assets in the above captioned bankruptcy proceedings. This paragraph shall not release or dismiss any claim that may be asserted by any party other than the Lenders.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

808521.02-Chicago Server 2A                                                                MSW - Draft April 20, 2010 - 6:43 PM

Dated: Chicago, Illinois
       May 13, 2010

_____
Nancy A. Peterman (ARDC # 6208120)
Sean Bezark (ARDC # 6203767)
GREENBERG TRAURIG LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400

Attorneys for PPM Technologies
Holdings, Inc. d/b/a PPM Global
Corporation and PPM Technologies Inc.

_____
Glenda Gray
Artim Johnson
330 N. Wabash Ave.
Suite 2618
Chicago, IL 60611
Telephone: (312) 755-1010

Attorneys for Leroy Wright in his Chapter 11 Case

_____
Thomas R. Fawkes
Devon J Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000

Attorneys for the Official Committee of Unsecured
      Creditors

_____
John K. Lyons (ARDC # 6201542)
Bradley G. Wilson (ARDC # 6301195)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700

            -and-
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Stuart Komrower, Esq.
David M. Bass, Esq.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Telephone: 201-489-3000

Attorneys for Calliope Capital Corporation,
      Valens U.S. SPV I, LLC, Valens
      Offshore SPV I, Ltd., Valens
      Offshore SPV II, Corp., and LV
      Administrative Services, Inc.

_____
UNITED STATES BANKRUPTCY JUDGE
                              MAY 13 2010

May 13, 2010

808521.02-Chicago Server 2A                                    MSW - Draft April 20, 2010 - 6:43 PM