IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PPM TECHNOLOGIES HOLDINGS, | ) | Case Nos. 10-14788 and 10-14795 |
| INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: August 12, 2010 at 10:00 a.m. |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **August 12, 2010 at 10:00 a.m.**, or as soon thereafter as we may be heard, the undersigned shall appear before the Honorable Judge Jack B. Schmetterer, United States Bankruptcy Judge, or any Judge sitting in his stead, Courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, IL 60604 and present the **FINAL APPLICATION OF TRAXI LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM MAY 7, 2010 TO AND INCLUDING JUNE 30, 2010**, a copy of which is attached and hereby served upon you.

Dated: Chicago, Illinois
      July 21, 2010

By:      /s/ Nancy A. Peterman
   Nancy A. Peterman, ARDC No. 6208120
   Sean W. Bezark, ARDC No. 6203767
   GREENBERG TRAURIG, LLP
   77 W. Wacker Drive, Suite 3100
   Chicago, Illinois 60601
   Phone: 312.456.8400
   Fax: 312.456.8435
   petermann@gtlaw.com
   bezarks@gtlaw.com

   *Counsel to the Debtors and Debtors-In-Possession*

---

[1] The Debtors in these cases are PPM Technologies Holdings, Inc. d/b/a PPM Global Corporation and PPM Technologies, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PPM TECHNOLOGIES HOLDINGS, | ) | Case Nos. 10-14788 and 10-14795 |
| INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | Hearing: August 12, 2010 at 10:00 a.m. |

## COVER SHEET
### FINAL APPLICATION OF TRAXI LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM MAY 7, 2010 TO AND INCLUDING JUNE 30, 2010

Name of Applicant:                             Traxi LLC

Authorized to Provide
Professional Services to:                      Debtors

Date of Retention:                             Retention order entered May 21,
                                               2010, effective as of May 7, 2010
                                               [Docket No. 160]

Period for which compensation
and reimbursement is sought:                   May 7, 2010 – June 30, 2010

Amount of Compensation sought
as actual, reasonable and necessary:           $75,000.00

Amount of Expense Reimbursement
sought as actual, reasonable and necessary:    $13,684.80

This is a(n) _____ interim _____ monthly XXX final fee application.

---

[1] The Debtors in these cases are PPM Technologies Holdings, Inc. d/b/a PPM Global Corporation and PPM Technologies Inc.

## TRAXI LLC TIMEKEEPER SUMMARY
## MAY 7, 2010 TO JUNE 30, 2010

| Name | Title | Hours |
|---|---|---|
| Anthony J. Pacchia | Senior Managing Director | 4.0 |
| Thomas J. Devitt | Managing Director | 175.0 |
| Thomas A. Korf | Managing Director | 4.5 |
| Dennis Rodriguez | Director | 57.0 |
| Richard Saltzman | Vice President | 172.5 |
| Aditya Nair | Analyst | 1.0 |
| Chris Koler | Analyst | 9.5 |
| Anne Pachan | Administrative Assistant | 13.0 |
| Total: | | 436.5 |

# TRAXI LLC INVESTMENT BANKER TO THE DEBTORS
## EXPENSES
## MAY 7, 2010 TO JUNE 30, 2010

| Expense Category | Amount |
|---|---|
| Airfare | $4,481.00 |
| B&W Duplication | $278.80 |
| Color Duplication | $41.70 |
| Computer-based Research | $1,205.04 |
| Lodging | $3,364.43 |
| Meals | $1,312.94 |
| Miscellaneous | $83.39 |
| Mileage | $73.00 |
| Parking/Tolls | $385.80 |
| Telephone | $77.62 |
| Rental Car | $1,185.28 |
| Technology | $790.00 |
| Transportation | $382.31 |
| UPS/Delivery | $23.49 |
| Total: | $13,684.80 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PPM TECHNOLOGIES HOLDINGS, | ) | Case Nos. 10-14788 and 10-14795 |
| INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | Hearing: August 12, 2010 at 10:00 a.m. |
| | ) | |

FINAL APPLICATION OF TRAXI LLC FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES AS INVESTMENT
BANKER TO THE DEBTORS FOR THE PERIOD FROM
MAY 7, 2010 TO AND INCLUDING JUNE 30, 2010

The above-captioned debtors and debtors-in-possession (collectively, the **"Debtors"**), on behalf of Traxi LLC (**"Traxi"**), investment banker for the Debtors, hereby submit Traxi's final fee application (the **"Application"**) for compensation and reimbursement of expenses for the period from May 7, 2010 to and including June 30, 2010 (the **"Application Period"**), pursuant to 11 U.S.C. §§ 330 and 331 (the **"Bankruptcy Code"**), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 5082-1 for the United States Bankruptcy Court for the Northern District of Illinois (**"Local Bankruptcy Rules"**), the *Order Authorizing Retention and Employment of Traxi LLC as Investment Banker to Debtors Effective as of May 7, 2010* (the **"Retention Order"**) [Docket No. 160], and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals and Committee Members* (the **"Interim Compensation Order"**) [Docket No. 175].

By this Application, the Debtors, on behalf of Traxi, seek a final allowance of compensation to Traxi for services rendered in the amount of $75,000.00 and reimbursement for

---

[1] The Debtors in these cases are PPM Technologies Holdings, Inc. d/b/a PPM Global Corporation and PPM Technologies Inc.

expenses in the amount of $13,684.80 incurred during the Application Period. In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C.§§ 157 and 1334. This is a core proceeding under 28 U.S.C.§ 157(b). Venue of the cases and this Application in this district is proper under 28 U.S.C.§§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 330, Bankruptcy Rule 2016 and Local Bankruptcy Rule 5082-1.

## BACKGROUND

2. On April 3, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court has ordered joint administration of these chapter 11 cases (the "**Cases**") [Docket No. 37].

3. On May 21, 2010, this Court entered the Retention Order [Docket No. 160] authorizing the Debtors to retain Traxi effective as of May 7, 2010 on the terms set forth in an engagement letter dated May 7, 2010 (the "**Engagement Letter**"). Under the Retention Order, Traxi's fees and expenses are subject to review and approval by the Court under section 330 of the Bankruptcy Code and Traxi is authorized to keep time in one-half hour increments.

4. Pursuant to the Engagement Letter, Traxi's fees are calculated as follows (the "**Fee Structure**"):

- <u>Work Fee</u>: A non-refundable initial engagement/work fee of $50,000.

- <u>Monthly Fee</u>: A non-refundable $10,000 per month fee commencing on the fifteenth day of August, 2010 and for each month (or portion of a month) thereafter payable on the fifteenth day of that month during the continuance of this engagement, payable upon the fifteen day of each calendar.

2

- Transaction Fee: Upon the consummation of a sale of certain, all or substantially all of the Debtors' assets to a third party, other than the secured lender(s) or their affiliates, successors or assigns, the Debtors shall pay Traxi a transaction fee equal to 4.0% of the total value of cash and the fair market value of any other property paid or payable to the Debtors or any of their stakeholders in connection with the transaction. This transaction fee would be due and payable at the closing of any such transaction. If the secured lenders or their affiliates, successor or assigns acquire the Debtors or their Assets by credit bid, Traxi shall be entitled to a transaction fee equal to $25,000.

5. In addition to the Fee Structure, pursuant to the terms of the Engagement Letter, Traxi shall be reimbursed for all reasonable out-of-pocket expenses incurred in connection with the performance of its services under the Engagement Letter, regardless of whether a transaction occurs.

6. Traxi has rendered services on behalf of the Debtors during the Application Period totaling 436.5 hours, and in connection therewith requests allowance of final compensation in the amount of $75,000 and reimbursement of final expenses in the amount of $13,684.80.

7. To date, the Debtors have paid Traxi $55,819.94 for the services rendered and expenses incurred during the Application Period.

## SUMMARY OF SERVICES RENDERED[2]

8. The services rendered by Traxi during the Application Period as investment banker to the Debtors are summarized below. A description of (i) the professional or paraprofessional performing the services; (ii) the date the services were performed; and (iii) a detailed description of the nature of the services and the time expended is set forth in **Exhibit A** attached hereto. Specifically, Traxi rendered the following services during the Application Period as counsel to the Debtors:

(a) Case Administration (01)

---

[2] The summary of services rendered is not intended to be a detailed description of the work performed, as the services and the time expended in performing such services are set forth fully in **Exhibit "A."** Instead, it is an attempt to summarize and highlight key aspects of the services Traxi rendered to the Debtors during the Application Period.

3

Hours: 19.5

This category includes services relating to the general administration of the Cases and the associated sale of substantially all of the Debtors' assets (the "**Sale**"), including, without limitation, case strategy issues, communications with other parties in the Cases, and bill preparation.

      (b)    <u>Non-Working Travel</u> (24)

Hours: 25.0

This category includes any travel time related to the Debtor during which services were not being provided.

      (c)    <u>Sale of Business</u> (33)

Hours: 210.0

During the Application Period, Traxi reviewed materials from the Debtors in order to prepare marketing materials for the Sale. Additionally, Traxi worked on various issues relating to the marketing of the Debtors' assets for sale, including preparing and distributing a confidential information memorandum to potential purchasers of the Debtors' assets. Traxi communicated with potential purchasers and worked with them to execute confidentiality agreements. Traxi provided due diligence support to potential purchasers of the Debtors' assets. Finally, Traxi attended court hearings relating to the Sale.

      (d)    <u>Due Diligence</u> (34)

Hours: 182.0

This category includes time spent by Traxi on due diligence of the Debtors' business and operations.

## SUMMARY OF EXPENSES

9. During the Application Period, Traxi incurred or disbursed actual and necessary costs and expenses related to the Cases in the amount of $13,684.80. The expenses incurred include, but are not limited to, travel costs, photocopy charges, conference calls, postage and other related expenses, all of which Traxi normally bills to its non-bankruptcy clients at rates calculated to compensate Traxi only for the actual cost of the expense.

## VALUATION OF SERVICES

10. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given (a) the complexity of the Cases, (b) the time expended by the professionals at Traxi, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

11. Traxi hereby certifies (i) that it has reviewed the requirements of Rule 5082-1 of the Local Bankruptcy Rules and (ii) that this Application complies with such rule.

## LIMITED NOTICE

12. Rule 2002(a)(6) requires that notice of a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000. Fed. R. Bankr. 2002(a)(6). Given the nature of the relief requested herein, the Debtors request that the Court approve its request to limit notice to those parties specified in the Interim Compensation Order: (a) the Office of the United States Trustee; (b) counsel to the Debtors' Pre-Petition and DIP Lenders; (c) counsel to the Buyer; (d) counsel to the Committee; and (e) those persons filing notices of appearance and requests for notice under Bankruptcy Rule 2002 in these Chapter 11 Cases. Providing notice of this Motion to all creditors, as required by Rule 2002, would be

extremely expensive and many of these creditors will be in no way affected by the relief sought herein.

**WHEREFORE**, Greenberg respectfully requests (a) that the Court enter an order finally allowing compensation to Traxi for professional services rendered during the Application Period in the amount of $75,000 and reimbursement for actual and necessary expenses incurred during the Application Period in the amount of $13,684.80 and (b) that the Court grant Traxi such other and further relief as the Court may deem just and proper.

Dated: July 21, 2010

                            PPM TECHNOLOGIES HOLDING, INC., *et al.*

                            By: */s/ Nancy A. Peterman*
                            Nancy A. Peterman, ARDC No. 6208120
                            Sean W. Bezark, ARDC No. 6203767
                            Greenberg, Traurig, LLP
                            77 W. Wacker Dr., Suite 3100
                            Chicago, Illinois 60601
                            Phone: 312-456-8400  Fax: 312-456-8435
                            petermann@gtlaw.com
                            bezarks@gtlaw.com

                            *Counsel for the Debtors
                            and Debtors in Possession*

     Traxi hereby certifies paragraph 11 of the Application.

Dated: July 21, 2010                      TRAXI LLC

                                            By: [signature]
                                            Traxi, LLC

## CERTIFICATE OF SERVICE

I, Nancy Peterman, an attorney, hereby certify that on July 21, 2010, I caused a complete and accurate copy of the foregoing **FINAL APPLICATION OF TRAXI LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM MAY 7, 2010 TO AND INCLUDING JUNE 30, 2010** (the "Final Application") to be served via this Court's ECF notification system upon each of the parties identified on the Service List below my electronic signature.

I, Nancy Peterman further certify that on July 21, 2010, I caused a copy of the Final Application to be served via Federal Express overnight delivery upon the parties so indicated below my electronic signature.

*/s/ Nancy Peterman*

**PPM Technologies Holdings, Inc. - Service List**

Ernesto D Borges on behalf of Debtor PPM Technologies Holding, Inc. aferreria@billbusters.com, BillBusters@BestClientInc.com

Devon J Eggert on behalf of Creditor Committee The Official Committee of Unsecured Creditors - deggert@freebornpeters.com, bkdocketing@freebornpeters.com (ECF & FEDERAL EXPRESS)

> Devon J. Eggert
> Freeborn & Peters LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL  60606

Michael M. Eidelman on behalf of Creditor Shearer's Foods, Inc. - meidelman@vedderprice.com, ecf-docket@vedderprice.com

Thomas R. Fawkes on behalf of Creditor Committee The Official Committee of Unsecured Creditors - tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com com (ECF & FEDERAL EXPRESS)

> Thomas R. Fawkes
> Freeborn & Peters LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL  60606

Glenda J Gray on behalf of Stockholder Leroy Wright - ladylawgray@aol.com

John K Lyons on behalf of Interested Party Calliope Capital Corporation - jlyonsch@skadden.com, mmirkovi@skadden.com com (ECF & FEDERAL EXPRESS)

    John K. Lyons
    Skadden Arps Slate Meagher & Flom LLP
    155 N. Wacker Drive
    Chicago, IL 60606

Michael L Molinaro on behalf of Creditor Aurora Management Partners, Inc. - mmolinaro@loeb.com, chdocket@loeb.com; mjawor@loeb.com

Gretchen Silver - USTPRegion11.ES.ECF@usdoj.gov com (ECF & FEDERAL EXPRESS)

    Gretchen Silver
    Office of the U.S. Trustee, Region 11
    219 S Dearborn St. Room 873
    Chicago, IL 60604

Nancy A Peterman on behalf of Debtor PPM Technologies Holding, Inc.
petermann@gtlaw.com, carlsonk@gtlaw.com; greenbergc@gtlaw.com;

Karen J Porter on behalf of Debtor PPM Technologies Holding, Inc. - kjplawnet@aol.com, kjplawnet@aol.com

William W Thorsness on behalf of Creditor Shearer's Foods, Inc. - wthorsness@vedderprice.com

Gerard P. Walsh on behalf of Creditor Golub & Company, LLC - gwalsh@crowleylamb.com, cfowler@crowleylamb.com; shurley@crowleylamb.com; raguilar@crowleylamb.com

Stephen A. Ginther on behalf of the Missouri Department of Revenue   - ndilecf@dor.mo.gov

John Palmer (FEDERAL EXPRESS)

    John Palmer
    PPM Technologies
    500 E Illinois Street
    Newberg, OR 97132

Stuart Komrower (FEDERAL EXPRESS)

    Stuart Komrower
    Cole, Schotz, Meisel, Forman & Leonard, P.A.
    Court Plaza North
    25 Main Street
    Hackensack, NJ  07601