## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OREGON CONVEYOR | ) | Case Nos. 10-14788 and 10-14795 |
| MANUFACTURING, INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date: November 11, 2010 at 10:00 a.m.** |

# COVER SHEET
### FINAL APPLICATION OF GREENBERG TAURIG, LLP FOR FINAL ALLOWANCE OF COMPENSATION AND FINAL REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS DURING THE PERIOD APRIL 21, 2010 THROUGH AUGUST 24, 2010

| | |
|---|---|
| Name of Applicant: | Greenberg Traurig, LLP |
| Authorized to Provide Professional Services to: | PPM Technologies Holding, Inc. and PPM Technologies, Inc. (the "**Debtors**") |
| Date of Retention: | Retention order entered May 6, 2010, effective as of April 21, 2010 [Docket No. 121] |
| Period for Which Compensation and Reimbursement is Sought: | April 21, 2010 – August 24, 2010 |
| Amount of Final Compensation Sought as Actual, Reasonable and Necessary: | $553,938.50 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $8,580.38 |

### THIS IS APPLICANT'S FINAL APPLICATION

---

[1] The Debtors in these cases are Oregon Conveyor Manufacturing, Inc. and PPM Technologies, Inc.

CHI 60,083,295v3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OREGON CONVEYOR | ) | Case Nos. 10-14788 and 10-14795 |
| MANUFACTURING, INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date: November 11, 2010 at 10:00 a.m.** |

**FINAL APPLICATION OF GREENBERG TRAURIG, LLP
FOR FINAL ALLOWANCE OF COMPENSATION AND FINAL
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE
DEBTORS DURING THE PERIOD APRIL 21, 2010 THROUGH AUGUST 24, 2010**

Greenberg Traurig, LLP ("**Greenberg Traurig**"), counsel to the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby submits its final application (the "**Application**") pursuant to (a) section 330 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); (c) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, effective January 30, 1996 (the "**Guidelines**"); (d) Local Bankruptcy Rule 5082-1 for the United States Bankruptcy Court for the Northern District of Illinois ("**Local Bankruptcy Rules**"); (e) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals and Committee Members* (the "**Interim Compensation Order**") [Docket No. 175]; and (f) this Court's May 6, 2010 Order authorizing the employment and retention of Greenberg Traurig as counsel to the Debtors, effective as of April 21, 2010 (the "**Retention Order**") [Docket No. 121].

---

[1]    The Debtors in these cases are Oregon Conveyor Manufacturing Inc and PPM Technologies, Inc.

*CHI 60,083,295v3*

By this Application, Greenberg Traurig requests entry of an Order: (i) granting final allowance of compensation for professional services in the amount of $553,938.50 and final reimbursement of expenses in the amount of $8,580.38 incurred on behalf of the Debtors during the period from April 21, 2010 to and including August 24, 2010 (the "**Final Period**")[2]; (ii) authorizing the final application of any and all amounts previously received by Greenberg Traurig in accordance with the Interim Compensation Order; and (iii) authorizing payment of the balance due and owing to Greenberg Traurig, including, without limitation, the fifteen percent (15%) holdback (the "**Holdback**") of prior months fees and expenses pursuant to the Interim Compensation Order. In support of this Application, Greenberg Traurig states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (O).

2.  The statutory and other predicates for the relief sought herein are sections 327, 328 and 330 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Guidelines, Local Bankruptcy Rule 5082-1, the Interim Compensation Order and the Retention Order.

## BACKGROUND

3.  On April 3, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.  On April 16, 2010,. this Court ordered joint administration of these chapter 11 cases (the "**Cases**").

---

[2] The fee request includes $1,638.00 of fees incurred after August 24, 2010 to prepare this Application. These fees are detailed in **Exhibit C** to this Application. In addition, **Exhibit C** includes expenses posted to Greenberg Traurig's accounting system after August 24, 2010, but incurred prior to August 24, 2010.

2

5. On May 6, 2010, this Court entered an order authorizing the employment and retention of Greenberg Traurig as counsel to the Debtors, effective as of April 21, 2010 [Docket No. 121].

6. On or about May 11, 2010, the Office of the United States Trustee for the Northern District of Illinois appointed an Official Committee of Unsecured Creditors (the "**Committee**").

7. On May 21, 2010, this Court entered an order authorizing the Debtors to enter into an agreement to purchase substantially all of the assets of Wright Machinery Limited (the "**UK Sale**"), a United Kingdom company, from Roderick John Weston and Guy Robert Thomas Hollander of Mazars LLP, appointed as joint administrators of Wright Machinery pursuant to the provisions of paragraph 14 of Schedule B1 to the Insolvency Act 1986 and filed with the High Court in London on April 13, 2010 [Docket No. 162].

8. On June 3, 2010, this Court entered the Interim Compensation Order [Docket No. 175], which provides procedures for submitting monthly statements, interim and final applications by professionals retained in the Cases. Pursuant to the Interim Procedures Order, professionals were to be paid 85% of the fees and 100% of the expenses (which were not subject to an objection) sought in their monthly fee applications. The remaining 15% holdback of the fees were to be paid pursuant to final fee application.

9. On June 23, 2010, this Court entered an order approving the Debtors' motion to sell (the "**Sale**") substantially all of their assets (the "**Acquired Assets**") to Valens Offshore SPV I, LTD., Valens Offshore SPV II, Corp., and Valens U.S. SPV I, LLC (the "**Buyer**"), pursuant to the terms of an Asset Purchase Agreement (the "**APA**") between Buyer and the Debtors (the "**Sale Order**") [Docket No. 209]. The closing of the Sale occurred on July 9, 2010 (the "**Closing**").

10. On August 24, 2010, this Court entered an Order (the "**Conversion Order**") converting the Cases to Cases under Chapter 7 of the Bankruptcy Code [Docket No. 265].

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

11. Pursuant to the Interim Compensation Order, Greenberg Traurig filed with the Court and served upon the Notice Parties (as defined in the Interim Compensation Order) monthly statements for each month in which compensation and fees were incurred, with the exception of the few weeks prior to entry of the Conversion Order, namely August 1, 2010 through August 24, 2010 (each a "**Monthly Statement** and collectively, the "**Monthly Statements**"). A summary chart reflecting the fees and expenses requested in the Monthly Statements and the amounts remaining to be paid is attached hereto as **Exhibit A**. The Monthly Statement pertaining to the portion of August, 2010 for which Greenberg Traurig is seeking final allowance of compensation and reimbursement of expenses (August 1, 2010 - August 24, 2010 plus additional amounts incurred after August 24, 2010 solely relating to the preparation of this Application) is attached hereto as **Exhibit B**.

12. Each Monthly Statement includes an invoice of actual time entries and details of out-of-pocket expenses incurred by Greenberg Traurig on behalf of the Debtors during the Final Period. Greenberg Traurig did not receive any filed objections to the Monthly Statements, but did receive informal objections to certain Monthly Statements from the office of the United States Trustee. In response to these informal objections, Greenberg Traurig agreed to certain adjustments, including removing expenses incurred for i) local travel costs; (ii) computerized legal research; and (iii) meals which did not directly include the client. Additionally, Greenberg Traurig and the office of the United States Trustee discussed the rate of exchange for attorneys working in our London office, though ultimately no adjustments were necessary.

4

13. The Debtor has paid Greenberg Traurig a portion of its fees for professional services and expenses through and including June 30, 2010. Greenberg Traurig has not received payment on account of its July or August Monthly Statements.

14. By this Application, Greenberg Traurig seeks final approval of compensation for professional services rendered to the Debtors during the Final Period in the aggregate amount of $553,938.50 and for reimbursement of expenses incurred in connection with such services in the amount of $8,580.38.

15. The fees charged by Greenberg Traurig are billed in accordance with its existing billing rates and procedures in effect during the Final Period. The rates Greenberg Traurig charges for the services rendered by its professionals and paraprofessionals are similar to the rates Greenberg Traurig charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.

16. In accordance with the Guidelines, the hours spent by each professional who has provided services during the Final Period, their position, hourly billing rate and the total amount of fees incurred (the "**Timekeeper Summary**") is attached hereto as **Exhibit C**.

17. During the Final Period, Greenberg Traurig expended a total of 1,266.80 hours rendering professional services to the Debtors. Greenberg Traurig provided services with respect to twenty (20) separate matter categories, each of which are detailed in the Monthly Statements. Each Monthly Statement includes detailed time entries showing the services provided in each category, the attorney providing the service, the date the service was provided, the time incurred and the value of such time. The Monthly Statements have been filed with the Court (and are attached hereto as **Exhibit B**) and are incorporated herein by reference. The services performed by Greenberg Traurig during the Final Period have been categorized by project type and are summarized in **Exhibit D** attached hereto.

5

## SUMMARY OF SERVICES

18. This is the final fee application being filed by Greenberg Traurig. In connection with the professional services summarized below, Greenberg Traurig seeks final allowance of compensation in the amount of $553,938.50 for professional services rendered during the Final Period.

19. The professional services that Greenberg Traurig rendered as counsel to the Debtors are highlighted in the narrative summaries that follow. The full breadth of Greenberg Traurig's services for the Final Period are reflected in the time records annexed to the Monthly Statements. This summary is organized in accordance with Greenberg Traurig's internal system of project categories.

**A. Business Operations (803)**

20. During the Final Period, Greenberg Traurig analyzed the Debtors' existing insurance policies, customer deposits, and credit card programs and considered the postpetition treatment of the same. Greenberg Traurig examined the Debtors' existing bank accounts and prepared relevant motions to maintain such bank accounts both locally and in Japan. This project category also includes Greenberg Traurig's examination of the Debtors' annual reports and attention to ongoing business issues.

21. Greenberg Traurig expended 43.00 hours with a value of $15,269.50 in this category during the Final Period.

**B. General Case Administration (804)**

22. During the Final Period, Greenberg Traurig rendered various general services to the Debtors. These services are grouped in this category because they are not readily susceptible to being placed in any of the project categories established in the Cases. Some of the services included in this category involve minimal amounts of time and did not warrant the creation of a

separate category. The general administrative services in this category include, but are not limited to: (i) review of case docket for pleadings filed; (ii) analysis of pleadings and orders filed to date; (iii) preparation and maintenance of the timeline of critical dates; and (iv) coordination and participation in strategic conferences with counsel to the Committee, the Debtors' investment banker and other parties in interest regarding the general status of the Cases and going forward strategy.

23. Included in this category is the time directed to the conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Code, including draft the motion and corresponding with the U.S. Trustee and CRO regarding the same.

24. Due to the complex nature of the Cases, Greenberg Traurig has utilized the services of paralegals to maintain and organize the voluminous documents which have been generated. Regular maintenance by the paralegals has served to keep Greenberg Traurig well apprised of the day-to-day happenings in the Cases and has proved to be a valuable resource to Greenberg Traurig and the Debtors.

25. Greenberg Traurig expended 127.90 hours with a value of $54,352.50 in this category during the Final Period.

C. **Claims Administration/Objections (805)**

26. During the Final Period, Greenberg Traurig prepared an Order establishing a bar date for filing prepetition general unsecured claims and Section 503(b)(9) claims for the value of goods delivered within twenty (20) days before the Petition Date (the "**Bar Date Order**"). Greenberg Traurig also coordinated service and publication of the Bar Date Order on all creditors and other parties in interest with Logan & Company, Inc. ("**Logan**"), the claims agent retained in the Cases.

7

27. This project category also includes (a) analysis of administrative claims asserted to date; (b) preparation of the Debtors' proofs of claim and supporting documents filed in the Leroy Wright proceeding; (c) preparation of the motion to approve Shearer's claim settlement; and (d) preparation of a notice sent to the Debtors' D & O insurance carrier regarding potential claims against such policy.

28. Greenberg Traurig expended 38.00 hours with a value of $12,988.50 in this category during the Final Period.

**D. Employee Matters (806)**

29. Greenberg Traurig rendered legal services in connection with the postpetition retention of the Debtors' employees. Specifically, Greenberg Traurig drafted the Debtors' motion to pay prepetition employee obligations (the "**Employee Wage Motion**") and researched the factual data supporting the motion. Greenberg Traurig also assisted the Chief Restructuring Officer (the "**CRO**") to address other concerns regarding the postpetition retention and management of the Debtors' employees. Greenberg Traurig coordinated service to all employees of a copy of the Order granting the Employee Wage Motion and thereby authorizing the payment of prepetition employee obligations.

30. Greenberg Traurig analyzed certain indemnity issues related to the Debtors' UK employees and the continued protection and use of confidential information by former employees.

31. Greenberg Traurig expended 28.10 hours with a value of $12,409.00 in this category during the Final Period.

**E. Motion to Appoint Chapter 11 Trustee (808)**

32. Greenberg Traurig addressed issues related to resolution of the motion to appoint a Chapter 11 trustee (the "**Trustee Motion**") filed by the Debtors' prepetition lenders, Calliope

8

Capital Corporation, Valens U.S. SPV I, LLC, Valens Offshore SPV I, Ltd., Valens Offshore SPV II, Corp., and LV Administrative Services (together, the "**Lenders**"). Specifically, Greenberg Traurig worked with the CRO, counsel for the Lenders, counsel for Leroy Wright and former Debtors' counsel to finalize the joint settlement motion and the Final Consent Order Confirming the Employment of Mr. John L. Palmer as the Debtors' Chief Restructuring Officer and Implementing Relief Related Thereto [Docket No. 144] resolving the Trustee Motion.

33.     Greenberg Traurig expended 7.70 hours with a value of $3,688.50 in this category during the Final Period.

F.     **Financial Matters/Cash Collateral (809)**

34.     Greenberg Traurig negotiated the terms of the interim and final orders authorizing the Debtors' postpetition financing facility and related budget. In addition, Greenberg Traurig analyzed the Lenders' alleged security interests and liens. Greenberg Traurig drafted the motion authorizing the postpetition financing and affidavit in support thereof.

35.     Greenberg Traurig expended 107.20 hours with a value of $57,501.00 in this category during the Final Period.

G.     **Litigation/Adversary Proceedings (810)**

36.     During the Final Period, Greenberg Traurig researched the prepetition state court action filed by the Lenders against the Debtors, certain non-debtor foreign affiliates, and the Debtors' former chief executive officer, Leroy Wright, in the Supreme Court of the State of New York alleging various causes of action.

37.     The category includes the time incurred by Greenberg Traurig negotiating with the Debtors' prepetition corporate counsel, Bryan Cave LLP, regarding turnover of the Debtors' corporate minute books and other company records. When negotiation proved unsuccessful, Greenberg Traurig researched the legal issues involved and prepared the Debtors' complaint for

preliminary injunction and motion for temporary restraining order in an effort to recover the necessary records.

38.  The category includes the time incurred by Greenberg Traurig analyzing the Heartland insurance policies for potential claims coverage and reviewing the Debtors' D & O policy.

39.  Also included in this category is time incurred by Greenberg Traurig reviewing materials in support of the Debtors' dischargeability complaint filed against Leroy Wright and preparing such complaint in advance of the deadline.

40.  Greenberg Traurig expended 92.60 hours with a value of $43,553.00 in this category during the Final Period.

H.  **Plan and Disclosure Statement (812)**

41.  The category includes the time incurred by Greenberg Traurig preparing the Debtors' request for an extension of their exclusive periods to file a plan and solicit acceptances of such plan.

42.  Greenberg Traurig expended 6.60 hours with a value of $2,259.00 in this category during the Final Period.

I.  **Fee/Employment Applications (813)**

43.  During the Final Period, Greenberg Traurig prepared the application, notice, affidavit and proposed order to obtain Court approval of Greenberg Traurig as counsel to the Debtors ("**GT Retention Application**"). Greenberg Traurig later prepared and filed the supplemental and second supplemental affidavits of Sean W. Bezark in support of the GT Retention Application.

44. Included in this category is the time spent preparing and presenting the motion to establish procedures for the interim compensation of professionals employed in the Cases and individual Committee members.

45. Greenberg Traurig presented the Debtors' motions (the "**Professional Retention Applications**") to employ other professionals including (i) Aurora as the Debtors' CRO; (ii) Logan as claims agent; (iii) Advokatfirman Cederquist KB, as Swedish insolvency counsel (**"Cederquist"**); and (iv) Traxi LLC as investment banker (**"Traxi"**). Greenberg Traurig negotiated various informal objections raised by the Committee, U.S. Trustee and the Lenders to the Professional Retention Applications. Greenberg Traurig also assisted the Debtors' professionals to prepare and file appropriate applications for compensation. Finally, Greenberg Traurig reviewed the Committee's application to retain Freeborn & Peters LLP as its counsel.

46. Greenberg Traurig expended 133.90 hours with a value of $49,046.00 in this category during the Final Period.

**J. Subsidiaries and Affiliates (815)**

47. This category includes time attending to numerous issues relating to the Debtors' non-debtor foreign affiliates, including issues relating to the Debtors' intellectual property in Sweden and recovery of assets in the United Kingdom and India. Greenberg Traurig was also involved in negotiating and closing the UK Sale and seeking approval from the Bankruptcy Court regarding the same.

48. Greenberg Traurig expended 115.60 hours with a value of $67,820.00 in this category during the Final Period.

**K. Creditors Committee Issues (General) (831)**

49. This category includes time responding to the requests of the Committee for documents and information.

11

50. Greenberg Traurig expended 9.40 hours with a value of $5,397.00 in this category during the Final Period.

**L.    Creditor Inquiries (832)**

51. During the Final Period, Greenberg Traurig responded to claimant/creditor inquiries on various issues.

52. Greenberg Traurig expended 9.30 hours with a value of $3,294.50 in this category during the Final Period.

**M.    Court Hearings (833)**

53. During the Final Period, Greenberg Traurig prepared for and attended hearings on behalf of the Debtors in the Cases, including, among others, hearings on the retention of professionals, on the terms of debtor-in-possession financing, on bidding procedures for the Sale, on the retention of the CRO, on payment of employee wages and on the Sale.

54. Greenberg Traurig expended 111.60 hours with a value of $55,084.00 in this category during the Final Period.

**N.    General Corporate Matters (834)**

55. During the Final Period, Greenberg Traurig analyzed various corporate governance issues in order to establish a new board of directors to which the CRO would report. Greenberg Traurig worked with the Debtors' CRO to address the needs and concerns of the new board members.

56. Greenberg Traurig expended 23.10 hours with a value of $14,215.00 in this category during the Final Period.

**O.    Leases and Executory Contracts (835)**

57. During the Final Period, Greenberg Traurig examined the Debtors' current leases and executory contracts. Greenberg Traurig drafted and presented the Debtors' motion to reject

its lease for office space on Michigan Avenue in Chicago as well as the Debtors' motion for authority to assume the prepetition engagement letter between the Debtors and Aurora to provide necessary restructuring management services. Finally, Greenberg Traurig negotiated and finalized the Debtors' motion and order for assignment and assumption of executory contracts.

58. Greenberg Traurig expended 49.50 hours with a value of $18,606.00 in this category during the Final Period.

**P.     Schedules and Statements (836)**

59. Included in this category is the time spent by Greenberg Traurig assisting the Debtors to prepare their Schedules of Assets and Liabilities and Statements of Financial Affairs.

60. Greenberg Traurig expended 43.20 hours with a value of $13,942.00 in this category during the Final Period.

**Q.     Utility Matters (837)**

61. This category includes Greenberg Traurig's time spent preparing the Debtors' motion to approve procedures for adequate assurance of future payments to their utility companies and attending to related utility issues.

62. Greenberg Traurig expended 18.00 hours with a value of $6,678.00 in this category during the Final Period.

**R.     Sale of Property (838)**

63. This category includes time spent by Greenberg Traurig preparing and presenting the Debtors' motion to establish bid procedures for the sale of substantially all of the Debtors' assets. Greenberg Traurig also drafted a form asset purchase agreement for use by potential bidders. Greenberg Traurig subsequently prepared a motion to sell substantially all assets to the Lenders, pursuant to a credit bid, and negotiated the related asset purchase agreement and Sale Order with the Lenders.

64. Greenberg Traurig worked on various issues relating to the marketing of the Debtors' assets for sale, including issues relating to confidentiality agreements to be signed by potential buyers. Greenberg Traurig took all necessary actions to close the Sale. Greenberg Traurig finalized the asset purchase agreement and disclosure schedules for the sale of substantially all of the Debtors' assets to the Lenders. Greenberg Traurig drafted and negotiated all ancillary documents necessary to close the Sale to the Lenders, including the Bill of Sale, Assignment and Assumption Agreement, FIRPTA Certificates, Articles of Amendment, and Patent and Trademark Assignment Agreements.

65. Greenberg Traurig expended 287.50 hours with a value of $110,787.00 in this category during the Final Period.

**S.   Tax Matters (845)**

66. During the Final Period, it was necessary for Greenberg Traurig to research the Debtors' business operations and consider the tax effects of the Cases on its domestic and foreign interests. Included in this category is also the time incurred drafting the Debtors' motion for authority to pay prepetition use, franchise and similar taxes and regulatory fees.

67. Greenberg Traurig expended 11.30 hours with a value of $6,015.00 in this category during the Final Period.

**T.   Compliance with U.S. Trustee Guideline (851)**

68. Greenberg Traurig assisted the Debtors and the CRO to prepare and file required monthly U.S. Trustee reports summarizing the previous month's cash receipts and disbursements. Greenberg Traurig expended 3.30 hours with a value of $1,033.00 in this category during the Final Period.

## SUMMARY OF EXPENSES

69. During the Final Period, Greenberg Traurig expended the sum of $8,580.38 for reasonable and necessary expenses in connection with its representation of the Debtors. Greenberg Traurig also expended certain other expenses, including for travel to and from the courthouse, parking, meals and fax charges which are not reflected below as Greenberg Traurig has, pursuant to discussions with the United States Trustee, voluntarily removed these expenses from their Monthly Statements.

70. The Monthly Statements contain itemized expense details and the following chart summarizes such expenses.

| Expense Description | Amount |
|---|---:|
| Conference Calls | $84.40 |
| Federal Express | $275.57 |
| Messenger | $11.99 |
| Court Filing Fees | $541.00 |
| Photocopy Charges | $3,119.10 |
| Postage | $1,054.82 |
| Service Company | $3,349.66 |
| PACER/ECF | $143.84 |
| **TOTAL** | **$8,580.38** |

71. In response to the informal objection of the office of the United States Trustee to certain expense reimbursement requests made during the Final Period, Greenberg Traurig has not charged, nor requested reimbursement for (i) local travel costs; (ii) computerized legal research; and (iii) meals which did not directly include the client. As a result, Greenberg Traurig's final request for expense reimbursement includes a $344.66 reduction of the actual out-of-pocket expenses incurred. Greenberg Traurig represents the following with respect to its request for the necessary cost and expense reimbursement incurred during the Final Period:

a) <u>Duplicating</u>.  Greenberg Traurig charges $0.10 per page for internal copying which charge is reasonable, represents the cost of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of cost expenditures.

b) <u>PACER Charges</u>.  Greenberg Traurig's practice is to bill clients for Pacer, research at the actual cost, which does not include amortization for maintenance and equipment.

c) <u>Delivery Services</u>.  Greenberg Traurig's practice is to charge postal, overnight delivery and messenger courier services at actual cost.  Delivery rates are determined by the carrier, with no additional overhead charges.  Actual expenses are compiled automatically based on client matter numbers identified at the time packages are mailed.

d) <u>Service Company Charges</u>.  Greenberg Traurig's practice is to charge the costs of obtaining certified organizational documents and Uniform Commercial Code at actual cost.

e) <u>Court Filing Fees</u>.  These charges were incurred on behalf of the Debtor as filing fees for two adversary cases ($250 each), one motion to convert ($15), and one schedule amendment ($26).

**APPLICABLE AUTHORITY**

72.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, Greenberg Traurig submits that the amounts requested herein are fair and reasonable.  Greenberg Traurig has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals and administrative assistants at Greenberg Traurig so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional or paraprofessional appropriate for a particular matter.  Greenberg Traurig has sought to coordinate with other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.

**CONCLUSION**

73. The foregoing professional services performed by Greenberg Traurig were necessary and appropriate to the administration of the Cases. During the Final Period, Greenberg Traurig provided services to facilitate the Cases and to maximize the value of the estates for the benefit of their creditors. Greenberg Traurig submits that the services rendered to the Debtors helped ensure the efficient administration of the Cases and such services are in compliance with the requirements of the Bankruptcy Code, Bankruptcy Rules, the Guidelines, Local Bankruptcy Rules the Interim Compensation Order, the GT Retention Order, and other applicable Orders of this Court.

74. Greenberg Traurig has diligently represented the Debtors during the pendency of the Cases. Greenberg Traurig played an integral role in the sale of the Debtors' businesses. Based upon the circumstances, the fair value of the professional services rendered by Greenberg Traurig to the Debtors, the skill required, the nature of services rendered and the results obtained, the fees charged by Greenberg Traurig for its services are reasonable.

75. Greenberg Traurig requests entry of an order allowing final approval of fees in the amount of $553,938.50 and expenses totaling $8,580.38 for actual and necessary legal services rendered and expenses incurred by the firm in connection with its engagement as counsel to the Debtors during the Final Period.

76. Greenberg Traurig further requests that this Court approve the prior interim payments received by it and authorize payment of the balance due on account of allowed fees and expenses incurred during the Final Period.

77. All services for which Greenberg Traurig requests compensation were performed for and on behalf of the Debtors, and not on behalf of any other entity.

78. No agreement or understanding exists between Greenberg Traurig and any other person for sharing compensation that has been or will be received, except such sharing as is customary and generally accepted among lawyers within a law firm.

79. No agreement or understanding, express or implied, has been or will be entered into for the purpose of fixing the fees or other compensation to be paid to any other attorney for any party in interest, to any other party in interest, or to any person for services rendered in connection with the Cases.

80. In sum, the services rendered by Greenberg Traurig were necessary and beneficial to the Debtors, and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation and reimbursement of expenses sought herein is warranted.

**WHEREFORE,** Greenberg Traurig respectfully requests that the Proposed Order be entered granting the following:

(i) final allowance of $553,938.50 in compensation for the Final Period;

(ii) final allowance of $8,580.38 in expense reimbursement for the Final Period;

(iii) authorization and final approval of the application of interim payments received by Greenberg Traurig in accordance with the Interim Compensation Order;

(iv) authorization and direction of payment to Greenberg Traurig of the additional amounts due and owing; and

(v) such other and further relief deemed appropriate under the circumstances.

| | |
|---|---|
| Dated: October 20, 2010 | PPM TECHNOLOGIES HOLDINGS, INC., *et al.* |
| | By: */s/ Nancy A. Peterman* |
| | Nancy A. Peterman, ARDC No. 6208120 |
| | Sean W. Bezark, ARDC No. 6203767 |
| | Greenberg, Traurig, LLP |
| | 77 W. Wacker Dr., Suite 3100 |
| | Chicago, Illinois 60601 |
| | Phone: 312-456-8400 |
| | Fax: 312-456-8435 |
| | petermann@gtlaw.com |
| | bezarks@gtlaw.com |
| | |
| | *Counsel for the Debtors* |
| | *and Debtors in Possession* |